## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BOBBY O. MATTHEWS,** *et al.*                         **CIVIL ACTION**

**versus**                                             **No.  07-2869**

**INTERNATIONAL HOUSE OF PANCAKES, INC.,** *et al.*     **SECTION: "I"/4**

### ORDER AND REASONS

Before the Court is defendants', International House of Pancakes, Inc., IHOP Properties, Inc., IHOP Franchising, L.L.C., and IHOP Realty Corp., (collectively "IHOP"), motion to set aside entry of default against these defendants only pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  For the following reasons, IHOP's motion is **GRANTED** with respect to International House of Pancakes, Inc., IHOP Franchising, L.L.C., and IHOP Realty Corp..

### *Background*

On May 14, 2007, plaintiffs, Bobby O. Matthews ("Matthews") and Barbara N. McGee ("McGee"), filed this lawsuit alleging that Ahab Mohamed ("Mohamed"), manager of the Covington International House of Pancakes, discriminated against African American employees, discriminated against female employees, and sexually harassed female employees.[1]  Plaintiff's named International House

---

[1]Rec. Doc. No. 1, pp. 4-5, para. 17.  Matthews alleges that Mohamed repeatedly used derogatory language when speaking to or about Matthews.  *Id.* paras. 23-24.  Matthews also alleges that as a result of complaining to Mohamed and Jamal and Kamal, Inc., about Mohamed's behavior, Matthews was terminated.  *Id.* paras. 25-27.

McGee alleges that Mohamed frequently touched female employees' pubic area, buttocks, and breasts; engaged in unsolicited propositioning of female employees for sex; offered female employees preferential treatment in exchange for sex; and threatened disparate treatment as retaliation for refusal to have sex with Mohamed.  *Id.* para. 33.  McGee alleges that, as a result of

of Pancakes, Inc., IHOP Properties, Inc., IHOP Franchising, L.L.C., IHOP Realty Corp., Jamal and Kamal, Inc., Jamal Hamidek, and Kamal Sbih as defendants.[2]

On November 7, 2007, plaintiffs filed an ex parte motion for entry of default as to defendants, International House of Pancakes, Inc., IHOP Franchising, L.L.C., IHOP Realty Corp., Jamal and Kamal, Inc., and Kamal Sbih.[3]   On November 9, 2007, the Court granted plaintiffs' ex parte motion.[4]

On November 19, 2007, IHOP filed this motion requesting that the Court set aside the entry of default with respect to IHOP, as IHOP's failure to timely respond to plaintiffs' complaint was the result of an "inadvertent oversight."[5]

### *Law and Analysis*

### I.   *Rule 55(c) Standard*

Rule 55(c) of the Federal Rules of Civil Procedure provides that, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

---

complaining to Mohamed and Jamal and Kamal, Inc., about Mohamed's behavior, McGee was terminated.  *Id.* para. 37.

[2] *Id.* at p. 1.

[3] Rec. Doc. No. 11.

[4] Rec. Doc. No. 14.  The Court also notes that a default was not entered against IHOP Properties, Inc..  Defendants, Kamal Sbih and Jamal and Kamal, Inc., (collectively "JKI"), have filed a motion to set aside entry of default with respect to JKI, which is pending before this Court.  *See* Rec. Doc. No. 16.  JKI has also filed a motion to dismiss plaintiffs' claims against JKI and an alternative motion to quash service pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  *See* Rec. Doc. No. 15.  Defendant, Jamal Hamidek, has no motions pending before this Court and no default was entered against Jamal Hamidek.

[5] Rec. Doc. No. 18.

Fed. R. Civ. P. 55(c).  When determining whether good cause has been demonstrated, the Court should consider, (1) whether the default was willful,[6] (2) whether setting the default aside would prejudice the adversary, and (3) whether a meritorious defense is presented.  *Buckley v. Donohue Inds., Inc.,* 100 Fed. Appx. 275, 278 (5th Cir. 2004) (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)); *Hargray*, 1993 WL 543412, at *1.  "These factors, however, are neither 'talismanic' nor 'exclusive.'" *Broadwing Comm., Inc. v. Harris*, 2000 WL 1053863, at *1 (E.D. La. Aug. 1, 2000) (Vance J.) (quoting *Dierschke v. O'Cheskey*, 975 F. 2d 181, 183 (5th Cir. 1992)).  "Other factors that a court may consider include whether 'the public interest was implicated,' whether 'there was a significant financial loss to the defendant,' and whether 'the defendant acted expeditiously to correct the default.'"  *Id.*

Federal courts possess broad discretion when determining whether to set aside defaults, as defaults are generally disfavored and federal courts prefer to resolve disputes on the merits.  *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).  Defaults are extreme sanctions reserved for rare occasions, and doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default.  *See Lindsey*, 161 F.3d at

---

[6]"[A] willful failure alone may constitute sufficient cause to deny a motion to set aside entry of default . . . ."  *Hargray v. City of New Orleans*, 1993 WL 543412, at *1 (5th Cir. Dec. 17, 1993)

893.

## II.  *Defendants' Motion to Set Aside*

### a.  *Whether Default was Willful*

IHOP asserts that it did not timely respond to plaintiffs' complaint because IHOP believed that, pursuant to the  franchise agreement between IHOP and co-defendant, Jamal & Kamal, Inc., JKI would undertake the defense of IHOP, which IHOP assumed included answering plaintiffs' complaint.[7]  IHOP further asserts that JKI affirmed that JKI would assume the defense of this litigation on behalf of IHOP.[8]

IHOP's mistake does not amount to willful misconduct.  *Howard v. U.S.*, 1993 WL 353506, at *2 (E.D. La. Sept. 8, 1993) (Clement J.) ("Mistake of counsel has generally not amounted to willful misconduct for purposes of setting aside . . . an entry of default"); *see also, e.g., Broadwing*, 2000 WL 1059863, at *2. Accordingly, the first factor used to determine whether good cause exists weighs in favor of IHOP.

### b.  *Prejudice to Adversary*

There is nothing in the record to indicate that plaintiffs will be prejudiced by setting aside the entry of default. Discovery has not yet commenced,[9] no trial date has been set, and no deadlines have been set.  *See, e.g., Broadwing*, 2000 WL 1059863,

---

[7]Rec. Doc. No. 18-2, p. 2; *see also* Rec. Doc. No. 18-3, p. 2, para. 4.

[8]Rec. Doc. No. 18-3, p. 2, para. 4.

[9]IHOP states that discovery in this matter has not yet commenced.  Rec. Doc. No. 18-2, p. 4.  Plaintiffs offer nothing to refute this argument.

at *2.  The only harm plaintiffs may suffer as a result of setting aside the entry of default is that plaintiffs will be required to prove their case.  Such harm does not constitute prejudice.[10]  *See, e.g., E.E.O.C. v. Mothers Work, Inc.*, 2005 WL 465400, at *2 (W.D. Tex. Feb. 28, 2005) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).  Accordingly, the prejudice factor weighs in favor of setting aside the default.

   c.  ***Whether Meritorious Defense is Presented***

   IHOP contends that plaintiffs cannot meet their burden of demonstrating any adverse employment action because of plaintiffs' race or sex.[11]  IHOP also contends that even if plaintiffs could satisfy the burden of proving that plaintiffs suffered adverse employment action because of race and/or sex,[12] IHOP was not plaintiffs' statutory employer[13] and, therefore, IHOP cannot be held liable for the conduct of JKI or Mohamed.[14]

---

   [10]The Court notes that plaintiffs fail to argue that granting defendants' motion to set aside the entry of default will prejudice plaintiffs.  *See* Rec. Doc. No. 23; *see, e.g., Broadwing*, 2000 WL 1059863, at *2.

   [11]Rec. Doc. No. 18-2, p. 4.

   [12]Plaintiffs filed their claims pursuant to 42 U.S.C.A § 2000e; 42 U.S.C.A. § 1981; and 42 U.S.C.A. § 1985.

   [13]42 U.S.C.A. § 2000e(b) defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ."
   "Determining whether a defendant is an 'employer' under Title VII or the ADEA involves a two-step process. First, the defendant must fall within the statutory definition.  Second, there must be an employment relationship between the plaintiff and the defendant." *Gibson v. Applebee's Neighborhood Grill*, 2007 WL 3119377, at *2 (W.D. La. Oct. 24, 2007) .  The most important component of determining whether an employment relationship existed between plaintiff and defendant is whether defendant controlled plaintiff's conduct. *Id.* at *3.

   [14]Rec. Doc. No. 18-2, p. 5.

At this stage of the proceedings, the Court is unable to determine whether IHOP's defenses are meritorious. However, considering the factors previously discussed and the fact that this lawsuit has not advanced beyond its early stages, setting aside the entry of default is appropriate.

Accordingly,

**IT IS ORDERED** that IHOP's motion to set aside entry of default is **GRANTED** as to International House of Pancakes, Inc., IHOP Franchising, L.L.C., and IHOP Realty Corp..[15]

New Orleans, Louisiana, December _____27th_____, 2007.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[15]Considering the fact that default was never entered against IHOP Properties, Inc., default need not be set aside with respect to IHOP Properties, Inc..

The Court also notes that IHOP corrected the default expeditiously by allowing only ten (10) days to pass before filing this motion to set aside the entry of default. *See, e.g., Hassel v. U.S.*, 2003 WL 23269586, at *2 (N.D. Tex. Dec. 23, 2003) (stating that filing motion to set aside within ten days after entry of default was soon enough not to prejudice the plaintiff).

IHOP states that because all pleadings relating to the entry of default were served on CT Corporation, IHOP's agent, rather than directly on IHOP, IHOP did not learn of the entry of default until November 16, 2007. Rec. Doc. No. 18-3, p. 2, para. 5. Therefore, IHOP claims that it filed this motion within three days of being notified of the entry of default. *Id.*