UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY O. MATTHEWS,** *et al.* | **CIVIL ACTION** |
| **versus** | **NO. 07-2869** |
| **INTERNATIONAL HOUSE OF PANCAKES, INC.,** *et al.* | **SECTION: "I" (4)** |

### O R D E R

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and petitioner's objections to the Magistrate Judge's Report and Recommendation,[1] hereby sustains petitioners' objection to the dismissal of the above-captioned matter with prejudice[2] and overrules the remainder of petitioners' objections.[3] With respect to all issues except the dismissal of

---

[1] "Where a party makes 'specific, written objections' within 10 days after being served with a copy of the magistrate's recommendations, the district court must undertake a de novo review of those contested aspects of the report." *Neidhardt v. Jones*, 2003 WL 22416385, at *1 (E.D. La. Oct. 22, 2003) (Duval J.) (quoting 28 U.S.C.A. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

[2] Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action *without prejudice* against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

[3] Plaintiffs have not demonstrated good cause for failing to serve Jamal Hamidek, Kamal Sbih, and Jamal and Kamal, Inc., within the 120 day period for service of process. *See* Rule 4(m); *see also Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1140 (5th Cir. 1980) ("[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity"). Additionally, plaintiffs have not demonstrated good cause for their failure to provide the Magistrate Judge with a declaration certifying that, prior to serving Seymour Subich, plaintiffs exercised due diligence in attempting to serve Jamal and Kamal, Inc.'s registered agent for service. *See* Fed. R. Civ. P. 4(h)(1)(A); La. Code. Civ.

the above-captioned matter with prejudice, the Court accepts the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

Accordingly,

**IT IS ORDERED** that the motion to dismiss, or alternatively, to quash service,[4] filed by Kamal Sbih and Jamal&Kamal, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendants, Jamal Hamidek,[5] Kamal Sbih, and Jamal&Kamal, Inc., are **DISMISSED WITHOUT PREJUDICE** for failure to comply with Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, January __23rd__, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

P. art. 1261(B)(2); *see also Familia De Boom*, 629 F. 2d at 1140.  The Magistrate Judge correctly made her ruling based upon the record presented.

[4]Rec. Doc. No. 15.

[5]There is nothing in the record indicating that Jamal Hamidek has received service of process.  The order to show cause issued by the Magistrate Judge on September 25, 2007, served as sufficient notice to plaintiffs that Hamidek would be dismissed if Hamidek was not properly served.  Rec. Doc. No. 3; *see* Fed. R. Civ. P. 4(m).